FILED
U.S. DISTRICT COURT

2010 FEB -9  A 9 23

David W. Brown - 5671
Attorney for Plaintiffs
2880 West 4700 South, Suite F
West Valley City, Utah 84118
Telephone:  (801) 964-6200

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TYLER VAN EVERA and MICHELE VAN EVERA, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES BIRD, PAUL SCOTT, ZACHARY NAKAISHI, and BRYAN CUNNINGHAM. <br><br> Defendants. | **COMPLAINT** <br><br> Case: 2:10cv00096 <br> Assigned To : Benson, Dee <br> Assign. Date : 2/9/2010 <br> Description: Van Evera v. Bird et al |

Plaintiffs hereby complain of Defendants and for a cause of action alleges as follows:

### JURISDICTION AND VENUE

1. This action is brought under 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction of this court is invoked under 28 U.S.C. §§ 1331 and 1343.  The amount in controversy exceeds $50,000, exclusive of costs.

2. Venue is proper under 28 U.S.C. § 1391.

3. In accordance with Utah Code Ann. § 63-30d-101 et seq., Plaintiffs provided Defendants with prior notice of their claims against Defendants.  The Notice of Claim is incorporated herein by this reference.  Pursuant to Utah Code Ann. § 63-30d-403, Plaintiffs are entitled to institute this action against Defendants.

**PARTIES**

4.      Plaintiffs Tyler Van Evera and Michele Van Evera are citizens of the United States and at all pertinent times hereto were citizens of the State of Utah, then residing in Summit County.  They now live in California.

5.      Defendants James Bird, Paul Scott, Zachary Nakaishi, and Bryan Cunningham are, and at all relevant times hereto, were employed by the Summit County Sheriff's Department or other agencies as law enforcement officers, respectively. Defendants James Bird, Paul Scott, Zachary Nakaishi, Bryan Cunningham are sued in their individual capacities.

6.      Upon information and belief, Defendants Bird, Scott, Nakaishi, and Cunningham reside in Summit County, State of Utah.

7.      All of the actions alleged herein occurred in Summit County.

**GENERAL ALLEGATIONS**

8.      On or about September 15, 2007, during the early morning hours, Defendants, while working for the Summit County Sheriff's Office, wrongfully and illegally entered the VanEvera residence at 5217 Heather Lane, Park City, Utah 84098.  The officers apparently heard a verbal argument somewhere outside in the Silver Springs development off Route 224 in Park City.

9.      After finding a house with multiple cars in the driveway, Defendants somehow decided to enter the VanEvera residence, purportedly to determine if there had been a domestic assault committed there.  In reality, no crime had been committed; and clearly no crime had been committed in their presence.

10.     No exigent circumstances existed for the illegal entry and search of the residence.

2

11.     Defendants asked for permission to enter the residence and were denied.

12.     Defendants entered the residence without consent. They did not have a warrant for an arrest or search and seizure.

13.     When Defendants entered the upstairs bedroom of Tyler VanEvera, they found him fast asleep. He was asleep with his girlfriend, Desiree. Defendants forcibly pulled the two from their bed. In doing so, they bruised the arm of the young female, who they quickly sent downstairs.

14.     The 19-year-old Plaintiff, who had been asleep, was not drunk. He was sleeping because he had to work in the morning. Plaintiff had never been arrested. He is relatively diminutive in stature - approximately 5' 6" tall and less than 150 pounds. He was not resisting.

15.     Defendants Scott and Bird responded by tazering Plaintiff Tyler VanEvera not once but twice, and striking him so violently with a flashlight that he suffered a broken nose and a concussion.

16.     Plaintiff Tyler VanEvera was knocked out by Defendants. He was tasered on the back and legs. He bled so much during the beating that the officers cleaned up much of the blood so the crime scene did not look so bad.

17.     For an extended period after the incident, Plaintiff suffered from regular nose bleeds, and was under the care of a specialist for treatment related to this unfortunate incident. He had no such symptoms prior to September 15, 2007.

18.     Defendants repeatedly accused Plaintiffs and others of being drug users. Defendants searched the entire house, including garbage, clothes, and dressers, all to no avail.

3

19.     Any search of the residence was completely illegal and in violation of the Fourth Amendment and the Utah Constitution.

20.     When Defendants requested permission to search the residence and were denied, they should have secured a search warrant -- at least a telephonic warrant -- before entering said residence.  However, they did not seek a search warrant before entering the  residence. They entered and searched despite the opposition voiced by Michele VanEvera and other occupants.  No crime was being committed which authorized Defendants' bold entrance into the residence.

21.     Plaintiff Tyler VanEvera was charged with two misdemeanors in the Summit County Justice Court, Case No. 07-6267:  a Class B misdemeanor for interference with a police officer making a lawful arrest, and a Class C misdemeanor for intoxication. As a result of a plea in abeyance, he pled no contest to the reduced infraction charge of disorderly conduct.  The case was then closed and dismissed the same date as the plea.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983 & FOURTH AMENDMENT

22.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.     At all relevant times, all Defendants, Bird, Scott, Nakaishi, and Cunningham, were acting under color of state law, ordinance, custom or usage, and within the scope of their employment.

24.     Defendants used force or violence when no such force was remotely necessary. All of the Plaintiffs and their guests were un-armed.

25.     Defendants unlawfully arrested Plaintiff Tyler VanEvera, subjecting him to physical and mental abuse at that time, and Plaintiff continues to suffer physical,

4

emotional, and mental trauma.

26.    In effectuating the arrest of Plaintiff Tyler VanEvera and while executing the search of his person, Defendants used excessive force which was not objectively reasonable in the circumstances. The unreasonable, excessive and unnecessary force violated Plaintiff's right to be free from unreasonable searches under the Fourth Amendment to the United States Constitution.

27.    As a result of Defendants' actions in effectuating the arrest of Plaintiff Tyler VanEvera without a warrant in an illegal, improper, unreasonable, malicious, excessive and unnecessary manner, Defendants deprived Plaintiff of his right to be free from unreasonable searches under the Fourth Amendment to the United States Constitution.

28.    Plaintiffs were subjected to an unlawful and unreasonable search and seizure, detention, and restraint.  Plaintiffs were illegally searched by Defendants without probable cause or consent.  None of the searches revealed any evidence of contraband or illegality.

29.    Defendants' search of Plaintiffs' residence was illegal, not supported by probable cause, and a clear violation of their Fourth Amendment rights.

30.    Defendants lacked probable cause to arrest Tyler VanEvera.

31.    Defendants filed false charges against Plaintiff in the Summit County Justice Court.  The criminal Information was initiated without probable cause.  Defendants acted maliciously or for a purpose other than bringing Plaintiffs to justice.

32.    Defendants' actions were done willfully and maliciously, or with a reckless disregard for the rights of Plaintiffs.  Plaintiffs are entitled to recover damages, including punitive damages, for such egregious violation of their rights.

5

33.    The misconduct of Defendants has proximately caused Plaintiffs to suffer severe damages, including, but not limited to:  The denial of Plaintiff's constitutional rights; pain and discomfort,  severe mental anguish and humiliation; loss of enjoyment of life; and loss of income, attorney fees and costs, etc.

34.    Plaintiffs are entitled to recover from and against Defendants, jointly and severally, all damages sustained as a proximate and direct result of Defendants' violations of their constitutional rights in an amount to be shown at trial.

35.    Plaintiffs are entitled to an award of punitive damages against Defendants, jointly and severally, in their individual capacities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief under their First Cause of Action against Defendants, jointly and severally, as follows:

1.    For an award in compensatory damages, the precise amount to be established at trial;

2.    For an award of punitive damages, the precise amount to be established at trial;

3.    For an award of reasonable attorneys' fees and costs incurred herein pursuant to 42 U.S.C. § 1988; and

4.    For such other and further relief as the Court deems proper.

DATED this 29th day of January, 2010.

David W. Brown
Counsel for Plaintiffs

6

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this case.

David W. Brown
Counsel for Plaintiffs